IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARVIN LANCE RECTOR                                                   PLAINTIFF

V.                                    NO. 14-5017

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Arvin Lance Rector, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**        **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 11, 2011, alleging an inability to work since December 1, 2009, due to seizure disorder/dyslexia/HBP. (Tr. 134-147, 168, 172). An administrative hearing was held on April 3, 2012, at which Plaintiff appeared with counsel, and he and his mother testified. (Tr. 42-70).

-1-

By written decision dated September 6, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - chronic, severe, long-term alcoholism with seizures directly linked to alcoholism. (Tr. 31). After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments, including the substance use disorders, met section(s) 12.09(I) of 20 C.F.R. Part 404, Subpart P, Appendix I. (Tr. 33). The ALJ found that if the Plaintiff stopped the substance use, the remaining limitations would not cause more than a minimal impact on the Plaintiff's ability to perform basic work activities; therefore, the Plaintiff would not have a severe impairment or combination of impairments. (Tr. 34). The ALJ further held that the substance use disorder was a contributing factor material to the determination of disability because the Plaintiff would not be disabled if he stopped the substance use. (Tr. 36). The ALJ concluded that because the substance use disorder was a contributing factor material to the determination of disability, Plaintiff had not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. (Tr. 36-37).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on November 20, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

**AO72A
(Rev. 8/82)**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following arguments in this matter: 1) The ALJ erred in finding that alcoholism was a "contributing factor material" to an otherwise favorable disability determination; and 2) Alternatively, the Appeals Council should direct that this case be reviewed by its medical staff as key medical evidence was added to the record since a State agency medical consultant last reviewed this case. (Doc. 11).

#### A.   Whether Alcoholism Was A Contributing Factor:

Plaintiff refers to a seizure he suffered on August 23, 2012, as evidenced by records from Mercy Hospital Northwest (Tr. 362-375), where a neurologist concluded Plaintiff had a true tonic/clinic seizure. A thorough review of those records reveals the following:

> ▸ Upon admission, it was reported that Plaintiff was taking no medications. (Tr. 362).
>
> ▸ Plaintiff reported his last drink was that day. (Tr. 363).
>
> ▸ Possible causes were reported as including change in alcohol use and

AO72A
(Rev. 8/82)

> did not include medication or dosage change, sleep deprivation, missing seizure medications or recent illness. (Tr. 364).
>
> ▸Plaintiff was reported as drinking 24 cans of beer per week. (Tr. 364).
>
> ▸X-rays of Plaintiff's chest revealed no acute cardiopulmonary process. (Tr. 367).
>
> ▸Clinical Impression: Seizure; Alcohol abuse; Hyponatremia; Hypokalemia; Tobacco use disorder; and Dts (delirium tremens). (Tr. 368-369).
>
> ▸Plaintiff was to be admitted to ICU, but he refused admission. (Tr. 369-370).
>
> ▸The EKG was reported as completely within normal limits and the CT of the head was read as no acute disease. (Tr. 372).
>
> ▸In his assessment, the doctor reported that Plaintiff had a history of seizure disorder and "what sounds to be a true tonic/clonic seizure today;" ethanol abuse; hyponatremia of uncertain etiology; and metabolic acidosis, consistent with recent seizure. (Tr. 372).

An individual is not entitled to benefits if alcoholism or drug addiction would be a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). The process for the ALJ to follow when there is medical evidence of drug addiction or alcoholism is set forth in 20 C.F.R. § 416.935(b):

> (b) *Process we will follow when we have medical evidence of your drug addiction or alcoholism.* (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>
>> (ii) If we determine that your remaining limitations are disabling, you are

> disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

Plaintiff has the burden to prove that alcoholism or drug addictions are not a contributing factor. Kluesner v. Astrue, 607 F.3d 533, 537 (8th Cir. 2010). "'If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow.'" Id. (quoting Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003)).

A review of the records reveal that as early as November 2010, Plaintiff was diagnosed with seizure disorder, alcohol abuse and tobacco abuse. (Tr. 242). In February of 2011, Plaintiff's liver enzymes were reported as being elevated. (Tr. 242). On February 1, 2011, when Plaintiff presented to Siloam Springs Memorial Hospital, complaining of having a seizure, Plaintiff admitted to drinking alcohol "often." (Tr. 259). A CT scan of his head revealed no masses, mass effect, or midline shift, and right maxillary and posterior ethmoid sinus disease was found. (Tr. 273).

On August 17, 2011, Plaintiff presented to Northwest Arkansas Free Health Center, where it was reported that Plaintiff smoked ½ pack of cigarettes per day and drank an 18 pack of beer a week. (Tr. 243). Plaintiff was assessed with seizure disorder vs. alcohol withdrawal; HTN, depression, and enlarged liver. (Tr. 244).

On September 18, 2011, Plaintiff reported to the free health center that he smoked a pack of cigarettes per day, drank 12-18 cans of beer a day, and 2 shots of whiskey every day. (Tr. 279). Plaintiff was assessed with alcoholism, and was referred to AA and advised to seek out medicare program to help him with alcoholism. (Tr. 280).

On September 28, 2011, a Mental Diagnostic Evaluation was performed by Mary Jane Sonntag, Psy.D. (Tr. 282). She reported that when Plaintiff was asked to describe in detail his chief mental allegations and specific clinical symptoms that kept him from working, he said "My seizures. I have them probably once every couple of weeks. No one wants to hire me. I am depressed. I have no motivation and that is about it." (Tr. 282). Plaintiff reported that he did not need assistance with activities of daily living. (Tr. 283). Plaintiff reported that he started using alcohol at 38 years of age and that at the height of his drinking, he consumed over an 18 pack of beer per day. (Tr. 283). Plaintiff reported that he was still drinking, with the last time being the day before his exam. (Tr. 283). He reported that he had slowed down to about a 12 pack a day, and stated that if he tried to stop cold turkey, "I have seizures." (Tr. 283). Dr. Sonntag reported that Plaintiff was not a good informant of his symptoms, but that it appeared that he had symptoms of alcohol tolerance, requiring more alcohol to get the same effect, and alcohol withdrawal when he tried to cut back on his drinking. (Tr. 285). He reported that he started having seizures when he stopped drinking for two days. (Tr. 285). Dr. Sonntag noted that Plaintiff continued to drink a 12 pack of beer a day and also took Paxil. (Tr. 285). Although Plaintiff claimed that he was depressed, when Dr. Sonntag asked him what his predominant mood was, he said "Happy." (Tr. 285). Accordingly, Dr. Sonntag did not give a diagnosis of depression, and diagnosed him as follows:

    Axis I:                 Alcohol Dependence
    Axis II:      No diagnosis
    Axis V:      GAF - 58

(Tr. 285). Dr. Sonntag found Plaintiff communicated and interacted in a socially adequate manner, spoke intelligibly and effectively, had no difficulty in the evaluation office, attended

-7-

and sustained concentration during the evaluation, persisted on the tasks of the evaluation, and that alcohol dependence would preclude adequate judgment to handle his financial affairs. (Tr. 285-286).

On October 28, 2011, Christal Janssen, Ph.D., completed a Psychiatric Review Technique form, finding Plaintiff suffered from behavioral changes or physical changes associated with the regular use of substances that affected the central nervous system. (Tr. 304). She further concluded that Plaintiff's impairment was not severe. (Tr. 308).

On October 28, 2011, Plaintiff presented to his treating physician, Dr. Leslie Stone, for medication refills. (Tr. 314). It was noted that he drank his last beer at 2 pm that day. (Tr. 314). Dr. Stone reported that Plaintiff had a long history of EtOH abuse and has had multiple episodes of EtOH withdrawal. (Tr. 314). She reported that Plaintiff had never gotten completely clean, and that he had multiple hospital admissions for EtOH withdrawal and seizures. (Tr. 314). Plaintiff had not done any outpatient counseling, and drank about 12 beers per day. (Tr. 314). Plaintiff was reported as then having occasional tremor, and had been out of blood pressure medications for several days. (Tr. 314). Dr. Stone assessed Plaintiff as follows:

      1. Acute alcoholism
      2. Depression with anxiety
      3. Benign hypertension
      4. Tobacco use disorder

(Tr. 315). Dr. Stone referred Plaintiff for counseling on alcoholism and outpatient rehabilitation. (Tr. 316). On December 7, 2011, Plaintiff presented to Dr. Stone because of seizures, and stated that he was still drinking but not as much - a 6 pack of beer daily. (Tr. 311). The labs revealed elevation of liver enzymes, low platelets, and elevation blood alcohol level. (Tr. 311). At that time, Plaintiff was smoking 11-20 cigarettes a day, and was not ready to quit. (Tr. 311). Dr.

-8-

Stone assessed Plaintiff with benign hypertension, depression with anxiety, acute alcoholism, and tobacco use disorder. (Tr. 312). She recommended cessation from alcohol and instructed Plaintiff in Ativan use for withdrawal, but reported that Plaintiff did not seem interested in quitting. (Tr. 312).

Plaintiff again saw Dr. Stone on January 17, 2012, for medication refills, and told Dr. Stone he would like a different depression medication. (Tr. 357). He reported he drank 4 beers the prior evening. (Tr. 357). Plaintiff reported he had decreased his EtOH intake to 3-4 beers per day, and reported he was not taking Lorazepam, saving this prescription until he decided to quit drinking. (Tr. 357). Plaintiff was assessed with benign hypertension, depression with anxiety, acute alcoholism, tobacco use disorder, and acute bronchitis. (Tr. 358). It was reported that Plaintiff would not start Ativan until he was ready to quit drinking, and would notify Dr. Stone when he decided to do so. (Tr. 358).

On February 10, 2012, a Pyschiatric Review Technique Report was completed by Sheri L. Simon, Ph.D. (Tr. 332). Dr. Simon reported that Plaintiff continued to drink daily, and affirmed the mental assessment dated October 28, 2011. (Tr. 344).

On March 22, 2012, Plaintiff saw Dr. Stone for follow up on his HTN and alcohol abuse. (Tr. 351). Dr. Stone reported that Plaintiff had been doing well on cutting down on alcohol consumption, because he was down to 3 beers every other day. (Tr. 351). His blood pressure had improved but was still elevated. (Tr. 31). Plaintiff saw Dr. Stone again on May 1, 2012, for follow-up. (Tr. 348). He reported to Dr. Stone that he had been feeling well and his blood pressure was good. (Tr. 348). Plaintiff's alcohol consumption remained at 3 beers every other day, but Dr. Stone reported that his words were slurred and that he smelled of alcohol. (Tr. 348).

Plaintiff denied any seizure activity since his last visit, and he stated that he felt his mood and anxiety were better with fluoxetine. (Tr. 348). He also reported that he was thinking about quitting smoking. (Tr. 348). Plaintiff was again counseled on gradual reduction of alcohol use. (Tr. 349).

At the hearing, Plaintiff testified that doctors advised him against drinking and that he had slacked "way down" on his drinking. (Tr. 49). He stated that he could go three or four days without drinking, and he still had the seizures. (Tr. 49). He further testified that he had never been on seizure medication, although he said he would take it if they prescribed it for him. (Tr. 53). Plaintiff's mother testified that she and Plaintiff's father paid for his medicine and because they did not have any insurance, the free clinic would not do testing for the seizures, so they had him on no medication for the seizures. (Tr. 56). She stated that it had been over two years since he started having seizures. (Tr. 58).

Based upon the record as a whole, as well as for those reasons given in Defendant's well-stated brief, the Court finds Plaintiff has failed to meet his burden to prove that alcoholism was not a contributing factor, and that there is substantial evidence to support the ALJ's finding that Plaintiff's alcohol use was a contributing factor material to the disability determination, and that if Plaintiff stopped this substance use, he would not be disabled.

### B.    Review by Appeals Council:

Based upon the Court's analysis given above, the Court finds Plaintiff's position on this issue to be without merit.

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence

supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 28th day of April., 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)